MATTER OF IESCE

In Deportation Proceedings

A-14769757

*Decided by Board March 16, 1967*

Respondent, who married a native and citizen of Italy subsequent to being issued an immigrant visa on March 24, 1966 as the 16-year-old unmarried daughter of a fifth preference quota immigrant and prior to her entry into the United States on July 17, 1966 upon presentation of that visa, is deportable under section 241(a)(1) of the Immigration and Nationality Act as one who at entry was not of the status specified in her immigrant visa, and she is ineligible for the benefits of sections 211 (c) and (d) of the Act, these sections having been deleted by the Act of October 3, 1965, or for the benefits of section 241(f) of the Act, as amended, since she is no longer a "child" within the meaning of section 101(b)(1) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry, not of the status specified in immigrant visa.

ON BEHALF OF RESPONDENT:
Samuel Tapper, Esquire
49 Pearl Street
Hartford, Connecticut 06103
(Oral argument)

ON BEHALF OF SERVICE:
R. A. Vielhaber
Apellate Trial Attorney
(Oral argument)

This case comes forward on appeal from an order entered by the special inquiry officer on November 9, 1966 granting the respondent's request that she be permitted to depart voluntarily from the United States in lieu of deportation and directing that if she fails to depart when and as required that she be deported from the United States to Italy, the country of her nativity and citizenship, on the charge set forth in the order to show cause.

The respondent, a 19-year-old married female, native and citizen of Italy, has resided continuously in the United States since her admission for permanent residence at New York, New York on July 17, 1966 at which time she had in her possession and presented for inspection Quota Immigrant Visa No. 4988, classifica-

tion P5–3, issued on the basis of a visa petition approved in behalf of her father by the United States Vice Consul at Naples, Italy on March 24, 1966, valid until July 23, 1966. The visa bears the notation that the respondent was in possession of a valid passport issued in her name by the authorities at Benevento, Italy on November 20, 1965. Deportation proceedings were instituted against the respondent on October 11, 1966. A hearing in deportation proceedings was held at Hartford, Connecticut on November 9, 1966 at which time the respondent and counsel admitted the truth of the first five allegations set forth in the order to show cause.

There is no merit to counsel's argument to the effect that since the respondent was issued an immigrant visa as the unmarried child of a fifth preference immigrant on March 24, 1966 she was entitled to be admitted to the United States in such status on July 17, 1966. The respondent freely and voluntarily agreed to submit to a question-and-answer statement before an officer of the Service on October 4, 1966. She was advised that any statement she made must be given freely and voluntarily and may be used against her, or any other person, in an immigration and naturalization proceeding. When asked if she understood, she replied, "Yes." (Ex. 2, p. 1) The aforementioned statement was taken in the Italian language through a qualified interpreter. The respondent testified that her maiden name was Teresa Salvatore, born in San Lorenzo, Italy on September 16, 1949; that she was living with her parents, Giuseppe and Luiggia Salvatore, at the family home in West Haven, Connecticut. The respondent's testimony reveals she was admitted to the United States as a fifth preference alien on July 17, 1966 as the unmarried child of her alien father with an immigrant visa issued to her in Naples, Italy on March 24, 1966. The respondent testified that when the aforementioned visa was issued to her by the United States Consul in Naples, Italy she was informed she was being issued a fifth preference visa as the unmarried child of an alien admissible to the United States for permanent residence under section 203(a)(5) of the Immigration and Nationality Act.

The respondent testified that when she was admitted to the United States for permanent residence under section 203(a)(5) of the Immigration and Nationality Act on July 17, 1966, her true and correct name was Teresa Iesce since she was the spouse of a native, citizen and resident of Italy. The record reflects the respondent was married to Angelo Iesce in San Lorenzo, Italy on April 17, 1966. She testified she decided to marry Angelo Iesce in March 1966 shortly after she was issued an immigrant visa in her maiden name on March 24, 1966; that she met her husband in August 1965 and had kept steady company

157

with him from that time until their marriage on April 17, 1966. The respondent testified she was engaged to marry Angelo Iesce on March 24, 1966, the date she was issued a visa at Naples, Italy under section 203(a)(5) of the Act; that she did not tell the United States Consul at Naples, Italy she was engaged to be married at the time the aforementioned visa was issued to her. The respondent testified that she has continued to use the name of Teresa Salvatore, her maiden name, since her admission to the United States because her passport and visa were issued in her maiden name; that she never informed the immigrant officer at the time of her admission to the United States at New York, New York on July 17, 1966 that she was married and her correct name was then Teresa Iesce (p. 4, Ex. 2). The respondent's testimony reveals that she did not accompany her father and the rest of her family to the United States in May 1966 because she was ill; that she and her husband lived together in a husband and wife relationship from the date of their marriage in April 1966 until her departure from Italy for New York on July 17, 1966.

The record establishes that the respondent executed and filed on behalf of her husband, Angelo Iesce, a petition to classify status of alien relative for issuance of an immigrant visa; that she signed this document under the name of Teresa Iesce and filed it with the Service at Hartford, Connecticut on August 10, 1966. Attached to the aforementioned petition is a certificate showing that the respondent was married to Angelo Iesce in the town of Lorenzo, Italy on April 17, 1966 (Ex. 4). The respondent at the deportation hearing identified the aforementioned statement secured from her at Hartford, Connecticut on October 4, 1966 (Ex. 2). She testified that she initialed pages 1, 2, 3 and 4 and signed her name on page 5; that everything she said in the aforementioned statement was true and correct as of the time she made it (p. 4, R). The record reflects an immigrant visa under the nonpreference portion of the quota for Italy was not available to the respondent on March 24, 1966, the date she was issued the fifth preference quota immigrant visa, or on April 17, 1966, the date of her marriage in Italy (United States Department of State Visa Office Bulletin Nos. 158 and 161). It was conceded during the deportation hearing that a nonpreference quota immigrant visa under the quota to Italy was not available in March 1966. Counsel at the deportation hearing conceded that as of the date her father was admitted to the United States for permanent residence in May 1966 and at the time the respondent was issued her quota immigrant visa in March 1966 visas were unavailable under the nonpreference portion of the Italian quota (p. 9). On the basis of the evidence present in this record, the respondent is subject to deportation under the provisions of section 241(a)(1) of the Immigra-

tion and Nationality Act, in that, at the time of entry, she was within one or more of the classes of aliens excludable by the law existing at the time of such entry, to wit, aliens who are not of the status specified in the immigrant visa, under section 203(a) of the Immigration and Nationality Act, as amended.

The respondent is precluded from having her immigrant status adjusted under sections 211 (c) and (d) of the Immigration and Nationality Act, since these sections were deleted when section 211 of the Immigration and Nationality Act (8 U.S.C. 1181) was amended by section 9 of Public Law 89-236 on October 3, 1965. Likewise, the benefits of section 241(f) of the Immigration and Nationality Act are not available to the respondent since she is not the spouse, parent or child of a United States citizen or of an alien lawfully admitted for permanent residence. The term "child" is defined in section 101(b)(1) of the Immigration and Nationality Act. The respondent at the time her immigrant visa was issued to her on March 24, 1966 was a child as defined in section 101(b)(1)(A) of the Act. Section 204(e) of the Immigration and Nationality Act, among other things, states that nothing in section 204(e), *supra*, shall be construed to entitle an immigrant in behalf of whom a petition under this section is approved to enter the United States as a preference immigrant under section 203(a) of the Act if upon arrival at a port of entry into the United States he is found not to be entitled to such classification. The respondent at the time of her arrival in the United States was married to a native and citizen of Italy and was not entitled to classification under the fifth preference portion of the quota for Italy as the unmarried child of an alien entitled to said classification. Moreover, it is a well-established principle of law that a minor child becomes emancipated when he or she marries. Accordingly, the respondent was not eligible for admission to the United States at the time of her arrival at New York, New York on July 17, 1966 as the unmarried child of an alien father who was the fifth preference quota immigrant brother of a United States citizen. The special inquiry officer's decision is dispositive of the remaining points raised by counsel on appeal.

After carefully considering all the evidence of record, together with counsel's exceptions on appeal, the decision of the special inquiry officer will be affirmed. On this record the respondent has been granted the maximum discretionary relief available in the premises. Accordingly, the following order will be entered.

ORDER: It is ordered that the appeal be dismissed.